UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

PENTAX CORPORATION,
                        Petitioner,

         - against -

VISION-SCIENCES, INC.,

                      Respondent.

------------------------------------------------------------------- x

Case No.

**PETITIONER PENTAX CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF THE PETITION TO STAY ARBITRATION**

NIXON PEABODY LLP
Attorneys for Petitioner
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Frank H. Penski
Robert C. Sentner
Tamar Y. Duvdevani

10845304.9

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

FACTS ................................................................................................................. 2

JURISDICTION ..................................................................................................... 2

ARGUMENT ......................................................................................................... 2

I.    THIS COURT HAS THE AUTHORITY TO STAY THE ARBITRATION ...................... 2

II.   THE ARBITRATION SHOULD BE STAYED BECAUSE IT NAMES AN IMPROPER PARTY AS THE RESPONDENT ............................................................... 4

III.  VSI'S FAILURE TO SATISFY A CONDITION PRECEDENT TO THE ARBITRATION AGREEMENT MANDATES A STAY OF ARBITRATION ............................................. 4

IV.  ALTERNATIVELY, THIS DISPUTE SHOULD BE ARBITRATED BEFORE THE INTERNATIONAL CHAMBER OF COMMERCE .......................................................... 7

CONCLUSION ...................................................................................................... 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PENTAX CORPORATION,

                                  Petitioner,

                - against -

VISION-SCIENCES, INC.,

                                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.

**MEMORANDUM OF LAW
IN SUPPORT OF PETITION
TO STAY ARBITRATION**

      Petitioner PENTAX Corporation ("Pentax") submits this Memorandum of Law in support of its Petition to Stay Arbitration.

## PRELIMINARY STATEMENT

      The arbitration filed by Vision-Sciences, Inc. ("VSI") with the American Arbitration Association in New York must be stayed. As set forth below, the agreement between the parties provides that in the event of a dispute "the parties hereby agree that the matter shall be settled and finally determined by arbitration in accordance with the rules and regulations of a mutually acceptable International Arbitration Organization." VSI unilaterally, and without any consultation with Pentax, filed the Arbitration with the International Centre for Dispute Resolution at the American Arbitration Association. VSI did not seek Pentax's agreement to an American Arbitration Association arbitration, and, in fact, no agreement was reached between the parties prior to VSI's action. The Notice of Arbitration is therefore improper and the Arbitration must be stayed.

10845304.9

## FACTS

Respondent VSI, a Delaware corporation whose principal place of business is in Orangeburg, New York, filed a Notice of Arbitration dated December 11, 2007 (the "Arbitration") with the International Centre for Dispute Resolution ("ICDR") at the American Arbitration Association ("AAA"). The Notice of Arbitration was delivered to Pentax in Japan on December 14, 2007, Japan time. (January 2, 2008 Petition to Stay Arbitration ("Petition") Ex. B.) VSI instituted the Arbitration pursuant to a Supply Agreement (the "Agreement") between VSI and Asahi Optical Co., Ltd. ("Asahi"), which changed its corporate name to Pentax. (Petition Ex. A.) The Agreement provides that in the event of a dispute "the parties hereby agree that the matter shall be settled and finally determined by arbitration in accordance with the rules and regulations of a mutually acceptable International Arbitration Organization." (*Id.* at Section 9.)

## JURISDICTION

There is complete diversity of citizenship between the parties. Under the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (the "FAA"), this Court has jurisdiction where diversity exists. Venue is proper because VSI's principal place of business is in this judicial district and because VSI filed the Arbitration to which Pentax objects in this district.

## ARGUMENT

## I.     THIS COURT HAS THE AUTHORITY TO STAY THE ARBITRATION

This Court has the authority under the FAA, and Section 7503 of the New York Civil Practice Law and Rules ("CPLR") to stay an arbitration. The FAA applies to this proceeding because the arbitration provision is in a contract that evidences a transaction involving "commerce" as defined in Section 1 of the FAA. 9 U.S.C. § 2. However, there are no provisions in the FAA that deal with motions to stay arbitrations. Where the FAA is silent, such as with

rules governing a motion to stay an arbitration, courts in New York borrow the applicable

provisions of Section 7503 of the CPLR.  *See, e.g., Favara, Skahan, Tabaczyk, Ltd. v. Ewing*,

1992 U.S. Dist. LEXIS 4570, 91 Civ. 7878, 1992 WL 80659 (S.D.N.Y. April 9, 1992) ("because

the FAA does not address the mechanics of staying an arbitration ... New York courts borrow

CPLR § 7503(c) for limitation period purposes"); *Ferndale Corp. v. Schulman Urban Dev.*

*Assoc.*, 758 F. Supp. 861, 868 n.12 (S.D.N.Y. 1990) (applying New York law requiring party

who wishes to challenge arbitration to seek stay, stating that "[i]n a diversity case, a federal court

must apply state law governing arbitration if the Federal Arbitration Act is not applicable.");

*Morgan v. Nikko Sec. Co. Int'l, Inc.*, 691 F. Supp. 792, 795 (S.D.N.Y. 1988) ("As the FAA does

not contain any mechanism for seeking a stay of arbitration, a New York court would 'borrow'

CPLR 7503(c)."); *accord, Bridgewater Assocs. v. Oberoi*, 05 Civ. 4471, 2005 U.S. Dist. LEXIS

25324, at *16-17 (S.D.N.Y. Oct. 28, 2005) (Partially staying the arbitration and stating that

"[s]ince the arbitrator is without authority to determine the fourth counterclaim, for purposes of

New York CPLR § 7503(b), a valid agreement to arbitrate that claim cannot have been made. . . .

Arbitration of the fourth counterclaim is stayed.").

> CPLR 7503(b) states:

> (b) Application to stay arbitration. Subject to the provisions of subdivision (c), a
> party who has not participated in the arbitration and who has not made or been
> served with an application to compel arbitration, may apply to stay arbitration on
> the ground that a valid agreement was not made or has not been complied with
> or that the claim sought to be arbitrated is barred by limitation under subdivision
> (b) of section 7502.

As discussed below, this Court must stay the Arbitration pursuant to CPLR 7503(b)

because (1) the Notice of Arbitration names an improper party as Respondent; and (2)

VSI failed to satisfy a condition precedent to arbitration.

## II.    THE ARBITRATION SHOULD BE STAYED BECAUSE IT NAMES AN IMPROPER PARTY AS THE RESPONDENT

As a threshold matter, the arbitration should be stayed because it names an improper party as the respondent. It is well-settled that a party cannot be compelled to arbitrate if it is not a party to the arbitration agreement. *See, e.g., Calyon v. Mizuho Secs. USA, Inc.*, 07 Civ. 2241, 2007 U.S. Dist. LEXIS 66051, at *5 (S.D.N.Y. Sep. 5, 2007).

The parties to the Agreement are VSI and Asahi. (Petition Ex. A.) In 2002, Asahi changed its name to PENTAX Corporation, a Japanese corporation, making the proper parties to an arbitration VSI and Pentax. The Notice of Arbitration, however, names PENTAX Medical Company, a division of PENTAX of America Inc. ("PAMC"), of Montvale, New Jersey as a respondent in the Arbitration even though PAMC is not a party to the Agreement. (Petition Exs. A, B.) Because PAMC is not a party to the Agreement and has not agreed to arbitrate, it cannot be compelled to do so. *See, e.g., Calyon,* 2007 U.S. Dist. LEXIS 66051, at *5; *see also, e.g., Brookfield Clothes, Inc. v. Tandler Textiles, Inc.*, 78 A.D.2d 841 (1st Dept. 1980).

## III.    VSI'S FAILURE TO SATISFY A CONDITION PRECEDENT TO THE ARBITRATION AGREEMENT MANDATES A STAY OF ARBITRATION

Pursuant to CPLR 7503(b) "a party may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with…" Here, it is clear that VSI has not complied with the Agreement's requirement that disputes be resolved by a "mutually acceptable International Arbitration Organization." Section 9 of the Agreement provides:

> In the event of a disagreement over any term or provision contained in this Agreement which has not been resolved by the parties hereto within sixty (60) days after both parties have written notice of such dispute, the parties hereby agree that the matter shall be settled and finally determined by arbitration in accordance with the rules and regulations of a mutually acceptable International Arbitration Organization. The decision rendered in any such arbitration shall be final and binding upon the parties and may be entered in any court having jurisdiction thereof for a judicial acceptance of the award or an order of

4

> enforcement, as the case may be. The parties shall each pay one-half
> of the reasonable costs and expenses incurred for the fees and expenses
> of the arbitrator or arbitrators.

(Petition Ex. A at Section 9.)

VSI has made no attempt to reach agreement as to a mutually acceptable international arbitration organization. Indeed, VSI gave Pentax no notice whatsoever that it intended to file the arbitration at the American Arbitration Association's ICDR. Hence, there was no agreement between Pentax and VSI that the American Arbitration Association's ICDR is an acceptable organization for purposes of this arbitration. VSI's effort to unilaterally commence the arbitration in New York with the American Arbitration Association would be akin to Pentax unilaterally commencing an arbitration in Tokyo with the Japan Commercial Arbitration Association. Clearly, VSI would object, and contend that this was not a mutually acceptable international arbitration organization. It is for this reason that, as discussed below, the arbitration should be filed in a neutral, well-established, international arbitration organization, as the parties clearly intended.

VSI surreptitiously chose to file the arbitration with the American Arbitration Association in New York without any notice to, or attempt to reach agreement with, Pentax. This was clearly forum shopping in blatant violation of the terms of the Agreement, and was designed to give VSI unfair advantage. Its conduct in doing so, however, means that VSI has failed to comply with the express provisions of Section 9 of the Agreement, and has thus failed to satisfy a condition precedent to arbitration.

Under settled New York law, a motion to stay arbitration will be granted when there has been failure of a condition precedent to the commencement of arbitration. *See Rockland County v. Primiano Const. Co., Inc.*, 51 N.Y.2d 1 (1980). On motions to stay or compel arbitration,

5

once it is concluded that the parties did make an agreement to arbitrate and that the particular

claim sought to be arbitrated comes within the scope of their agreement, there may be a second

threshold question for judicial determination -- whether there has been compliance with the

agreement. *Id.* There should be a judicial determination as to whether there is any preliminary

requirement or condition precedent to arbitration and whether there has been compliance. *Id.*

There must be full compliance with the condition precedent before the party resisting arbitration

will be forced to arbitrate. *Id.*

    *Rockland County* was the basis for the court's holding in *Allstate v. Kuper*, 134 A.D.2d

256 (2nd Dept. 1987), which dealt with a situation where "the agreement of the parties, by its

terms, expressly provides for submission of the dispute to arbitration under the rules of the AAA

only if neither party objects to submission to that body." *Id.* The court concluded that the

"consent of both parties was a condition precedent to the agreement to submit the dispute to that

body for arbitration and it is for the court to determine whether there was compliance with that

condition." *Id.* Consequently, the court stayed the arbitration.

    Similarly, the Agreement's requirement that any arbitration be conducted in a "mutually

acceptable" international arbitration organization sets forth a condition precedent to submission

of the dispute to arbitration. The condition precedent is that the parties must first express

agreement as to the international arbitration organization that is to conduct the arbitration. As

VSI surreptitiously initiated the arbitration without any notice to Pentax, there was no such

agreement, and there has been a failure to comply with this condition precedent to arbitration.

As a consequence, the arbitration must be stayed. *See also, e.g., Lassiter v. CNA Ins. Co.*, 195

A.D.2d 362, 363 (N.Y. App. Div. 1993) ("The selection by each party of its own arbitrator and

the subsequent joint selection of a third, was in effect a condition precedent to arbitration to be

complied with; it was a prerequisite to entry into the arbitration process. Whether the parties complied with that condition is a matter for judicial determination.").

## IV.    ALTERNATIVELY, THIS DISPUTE SHOULD BE ARBITRATED BEFORE THE INTERNATIONAL CHAMBER OF COMMERCE

Even though VSI has failed to comply with the requirements of Section 9, Pentax acknowledges that the Agreement provides for arbitration as the method for settling disputes between the parties. However, the Agreement is between a Japanese company and an American company, and the parties unequivocally agreed that any arbitration would be conducted before a mutually acceptable international arbitration organization. Clearly, their intent was that the international arbitration organization be a neutral one. Hence, Pentax was not free to independently commence an arbitration against VSI in the Japanese Commercial Arbitration Association, and VSI was not free to unilaterally commence an arbitration in the American Arbitration Association.

For several compelling reasons, Pentax believes the dispute should be arbitrated with the International Chamber of Commerce (the "ICC"). The ICC is the largest, and most reputable, international arbitration organization in the world. In 2006, ICC arbitrations took place in 52 countries and involved arbitrators in 71 different nationalities. *See* International Chamber of Commerce, http://www.iccwbo.org/iccbcbda/index.html. While the ICC court was established in 1923, the ICDR was only established in 1996, meaning that it was not even in existence when the Agreement was entered into. *See id.*, http://www.iccwbo.org/court/arbitration-/id5256/index.html; http://www.adr.org/about_icdr. Most importantly, unlike either the American Arbitration Association or the Japan Commercial Arbitration Association, neither party can contend that there is any perceived disadvantage to arbitrating before the ICC, which is undisputedly a neutral organization, and is accustomed to dealing with legal traditions of

countries throughout the world. The ICC has the authority to determine the venue of the arbitration, in the event that the parties cannot reach agreement on that issue.

VSI has made clear by its conduct that it has no intention of complying with the Agreement and agreeing on a mutually acceptable international arbitration organization. If VSI persists in this conduct, Pentax respectfully submits that, if the parties cannot reach agreement as to the international arbitration organization within 30 days, it is appropriate to order that the parties submit the arbitration to the ICC for resolution. This Court has the authority to issue such an order. *See L.A. Swyer Co., Inc. v. John W. Cowper Co.*, 55 A.D.2d 774 (3rd Dept't 1976); *see also, e.g., HZI Research Ctr. v. Sun Instruments Japan Co.*, 94 Civ. 2146, 1995 U.S. Dist. LEXIS 13707, at *8-9 (S.D.N.Y. Sep. 19, 1995) ("If the parties imperfectly or incorrectly designate the instrumentality through which arbitration should be effected, the court will enforce the contract by making an appropriate designation.")

## CONCLUSION

In light of the foregoing, Pentax respectfully requests that this Court issue an order staying the purported Arbitration filed by VSI, and, in the event that the parties cannot reach agreement with respect to a mutual acceptable international arbitration organization within 30 days, ordering the parties to submit the arbitration to the International Chamber of Commerce.

Dated:    New York, New York
          January 2, 2008

                                        NIXON PEABODY LLP

                                        By: _____
                                            Frank H. Penski (FP 9221)
                                            Robert C. Sentner (RS 5223)
                                            Tamar Y. Duvdevani (TD 7603)
                                        437 Madison Avenue
                                        New York, New York 10022
                                        (212) 940-3000
                                        *Attorneys for Petitioner PENTAX Corporation*